UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
FILED 17 JAN 24 AM 11:47
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

| | |
|---|---|
| KANE PRÉE, an individual, and BLAKE PREE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PICKLE PRO, LLC, a Florida limited liability corporation, and TODD PREE, an individual,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 2:1?-cv-42-F?M-29CM<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COME** the Plaintiffs, **KANE PREE** and **BLAKE PREE** ("Plaintiffs"), by and through undersigned counsel, and states the following for their Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for violation of the FLSA for unpaid wages and overtime.

### PARTIES

2. The Plaintiff, **KANE PREE** ("K. PREE") is an individual and a resident of Florida who currently resides in Collier County, Florida and at all times had enterprise and individual coverage under the FLSA during his employment with the Defendants. At all material times, **K. PREE** was employed by the Defendant Pickle Pro, LLC, a Florida limited liability corporation, as a "production manager" but was paid on an hourly basis **K. PREE** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events

1

giving rise to this case. **K. PREE** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Plaintiff, **BLAKE PREE** ("**B. PREE**") is an individual and a resident of Florida who currently resides in Collier County, Florida and at all times had enterprise and individual coverage under the FLSA during his employment with the Defendants. At all material times, **B. PREE** was employed by the Defendant Pickle Pro, LLC, a Florida limited liability corporation, as an hourly employee. **B. PREE** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **B. PREE** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

4. The Defendant, **PICKLE PRO, LLC** ("**PICKLE**"), is a Florida limited liability corporation and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **PICKLE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like the Plaintiffs. **PICKLE** supervises and controls the Plaintiffs' work schedules and conditions of employment, in addition to determining the rate and method of payment for the Plaintiff. **PICKLE** maintains employment records of the Plaintiffs'. **PICKLE** was the employer of the Plaintiffs.

5. The Defendant, **TODD PREE** ("**FATHER**"), is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **FATHER** is the biological parent of the Plaintiffs and is the sole manager of **PICKLE**. **FATHER** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like the Plaintiffs. **FATHER** directly supervised and controlled the Plaintiffs' work schedules and conditions of

employment, in addition to determining the rate and method of payment for the Plaintiffs. **FATHER**, on behalf of **PICKLE**, maintains employment records of the Plaintiffs. **FATHER** was the employer of the Plaintiffs.

6. **PICKLE** and **FATHER** are collectively referred to herein as "Defendant."

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

8. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs reside in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

10. In 2013, **K. PREE** founded **PICKLE PRO, LLC** but because he was then a minor, the entity was incorporated in **FATHER**'s name. **FATHER** was, and remains, the manager of **PICKLE**.

11. At the time the entity was formed and the business was begun, **FATHER** possessed no technical knowledge of the growing sport of "pickle ball," nor did he possess significant knowledge of how to construct a pickle ball paddle.

3

12. Both of the Plaintiffs began working for the Defendant in 2013 and were paid on an hourly basis.

13. Both Plaintiffs continued their employment until April 18, 2016 when **FATHER** abruptly terminated their employment.

14. **FATHER** terminated Plaintiffs' employment after the Plaintiffs sided with their mother on matters surrounding an impending dissolution of **FATHER**'s marriage to their mother.

15. Both Plaintiffs worked in excess of forty (40) hours almost each week of their employment but did not receive proper overtime compensation.

16. The Plaintiffs bring this action against the Defendant for legal relief to redress unlawful violations of their rights under the FLSA to remedy violations of the wage provisions of the FLSA by the Defendant, which have deprived the Plaintiffs of their lawful wages.

17. The Defendant's practices are in direct violation of the FLSA, 29 U.S.C. 201 et. seq., and Plaintiffs seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

18. The Plaintiffs have been employed by the Defendant and were required to perform certain hours for which they were not compensated. The Defendant sought to avoid paying proper overtime compensation to the Plaintiffs.

19. The Plaintiffs allege that the Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit, or compensate them as they are non-exempt under the FLSA.

20. At all relevant times, the Defendant's employment of the Plaintiffs has been on an hourly basis.

21. To the extent the Defendant believes the Plaintiffs to be exempt, they are not exempt under the FLSA because they were not paid a salary.

22. The Plaintiffs were required by the Defendant to work sixty (60) hours per week without proper overtime compensation.

23. The Defendant has sent written correspondence admitting to failing to pay the Plaintiffs monies due to them.

24. Such practice violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employees' regular hourly wage rate.

25. On September 14, 2016, the Plaintiffs sent correspondence demanding their lawful overtime wages but the Defendant did not respond.

26. The Defendant has failed to pay **K. PREE** approximately $20,835.00 in accrued overtime.

27. The Defendant has failed to pay **B. PREE** approximately $17,362.50 in accrued overtime.

## COUNT I: INDIVIDUAL FLSA CLAIMS- BOTH PLAINTIFFS

28. The Plaintiffs hereby incorporate Paragraphs 1-27 in this Count as though fully set forth herein.

29. The Plaintiffs were covered, non-exempt employees under the FLSA at all times during their employment with the Defendant.

30. The Defendant was required by the FLSA to pay the Plaintiffs at least time and one-half for all hours worked in excess of 40 hours per week.

31. The Defendant had operational control over all aspects of the Plaintiffs' day-to-day functions during their employment, including compensation.

32. The Defendant was the Plaintiffs' "employer" and is liable for violations of the FLSA in this case.

33. The Defendant violated the FLSA by failing to pay the Plaintiffs at least time and one-half for all hours worked over 40 per week.

34. The Defendant has willfully violated the FLSA in refusing to pay the Plaintiffs proper overtime for all hours worked by them over 40 per week.

35. As a result of the foregoing, the Plaintiff have suffered damages of lost overtime wages.

36. The Defendant is the proximate cause of the Plaintiffs' damages.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter a Judgment in their favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – BREACH OF CONTRACT- K. PREE

37. The Plaintiff realleges and incorporates Paragraphs 1-6, 8-15, 18, 20 and 22-23 in this Count by reference.

38. A contract existed between **K. PREE** and the Defendants.

39. The terms of the contract were that **K. PREE** would be compensated for his services on an hourly basis.

40. Both **K. PREE** and the Defendants agreed to those terms, which were clear and unambiguous.

41. **K. PREE** fully and satisfactorily performed his duties under the contract by working well in excess of forty (40) hours per week.

42. The Defendants has breached the contract by refusing to pay **K. PREE** the hourly wages due under the terms of the contract and in fact often failed to pay **K. PREE** any weekly compensation at all.

43. **K. PREE** has been damaged as a result of the Defendants' breach of the contract.

44. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees under F.S. §448.08, and all other relief as this Court deems proper.

## COUNT III – PROMISSORY ESTOPPEL- K. PREE

45. The Plaintiff realleges and incorporates Paragraphs 1-6, 8-15, 18, 20 and 22-23 in this Count by reference.

46. This Count is pled in the alternative.

47. The Defendants represented to **K. PREE** that he would be paid on an hourly basis for each hour he worked.

48. The Defendants made a representation as to a material fact, to wit: for his services, **K. PREE** that he would be paid on an hourly basis for each hour he worked, that is contrary to the Defendants' now-asserted position.

49. **K. PREE** reasonably but detrimentally relied upon the representation of the Defendants.

50. The Defendants change in position is detrimental to **K. PREE** as he reasonably relied upon the same in agreeing to perform services for the Defendants.

51. Injustice can only be avoided by enforcing the promise against the Defendants.

52. **K. PREE** has been damaged as a result of the Defendants' actions.

53. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees under F.S. §448.08, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: January 20, 2017

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiffs
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com