UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KANE PREE and BLAKE PREE, an
individual

       Plaintiffs,

v.                                     Case No: 2:17-cv-42-FtM-29CM

PICKLE PRO, LLC and TODD
PREE,

       Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file. On July 6, 2017, previous counsel for Pickle Pro, LLC ("Pickle Pro") and Todd Pree filed a motion to withdraw as counsel of record, which the Court granted. Docs. 27, 28. The undersigned directed Pickle Pro to retain counsel and have counsel file a Notice of Appearance on or before August 23, 2017 because artificial entities can only act through agents. Doc. 28 at 2. Pickle Pro did not comply within the time permitted. On August 25, 2017, the Court provided one final opportunity to Pickle Pro to comply with the Order and retain counsel on or before September 1, 2017. Doc. 29. The Court indicated that Pickle Pro's failure to comply with the Order would result in the

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.

Court recommending default be entered against Pickle Pro. *Id.* at 1. As of this date, Pickle Pro has not responded to the Court's Orders (Docs. 28, 29).

Local Rule 2.03(e) permits corporations to appear and be heard only through counsel admitted to practice in this Court. M.D. Fla. R. 2.03(e). While individuals are permitted to represent themselves *pro se*, corporations must be represented by counsel because corporations are artificial entities that only can act through agents. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citing *Commercial and Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. 60 (1840); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981); *Southwest Exp. Co. v. I.C.C.*, 670 F.2d 53 (5th Cir. 1982)). Therefore, Todd Pree is entitled to proceed *pro se*, but Pickle Pro, LLC must be represented by counsel.

The Court's July 21, 2017 Order further noted that artificial entities can only act through agents. Doc. 28 at 2. Despite the Court's directives to obtain counsel, Pickle Pro has not responded to the Court's Orders. Thus, the undersigned recommends entry of a Clerk's default against Pickle Pro for its failure to comply with the Orders (Docs. 28, 29) and Local Rule 2.03(e). *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996) (upholding the district judge's denial of the motion to set aside entry of default because the corporate defendant failed to obtain counsel due to its alleged financial difficulty).

Plaintiff Todd Pree currently is proceeding *pro se*. Although Mr. Pree is entitled to proceed *pro se*, the Court encourages him to retain counsel admitted to

practice before this Court to assist him with litigating this matter. *See Montgomery v. Brickell Place Condo. Ass'n*, No. 11-24316-CIV, 2012 WL 1203837, at *3 (S.D. Fla. Apr. 11, 2012) (encouraging *pro se* plaintiff to "retain legal counsel and, failing that, to diligently research how to prosecute" a case in federal court because *pro se* parties are responsible for discovery, complying with scheduling orders and following federal and local rules). If Mr. Pree intends to proceed *pro se*, he is warned that "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993), *aff'd sub nom. Sanders v. Fluor Daniels, Inc.*, 36 F.3d 93 (11th Cir. 1994) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988)). Mr. Pree also must comply with the Middle District of Florida Local Rules. Failure to comply with the Court's Orders or the Federal or Local Rules could result in sanctions. A copy of the Local Rules may be obtained from the Court's website at https://www.flmd.uscourts.gov/. Moreover, the website includes a "Proceeding Without a Lawyer" tab containing tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer" handbook.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. A Clerk's Default be entered against Defendant Pickle Pro, LLC; and

2. Plaintiff be directed to file appropriate papers to seek a default judgment against Pickle Pro, LLC within fourteen (14) days of the Order.

**DONE** and **ENTERED** in Fort Myers, Florida on this 6th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record