UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KANE PREE, an individual and
BLAKE PREE, an individual,

    Plaintiffs,

v.                        Case No:  2:17-cv-42-FtM-29CM

PICKLE PRO, LLC, a Florida
limited liability
corporation and TODD PREE,
an individual,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Final Default Judgment Against Defendant Pickle Pro, LLC (Doc. #33) filed on October 2, 2017. No response has been filed, and the time to respond has expired.

**I.   Procedural History**

On January 24, 2017, plaintiffs Kane Pree and Blake Pree (plaintiffs) initiated a Complaint (Doc. #1) against Pickle Pro, LLC (defendant or Pickle Pro) and Todd Pree. In Count I, plaintiffs seek unpaid overtime compensation, liquidated damages, interest, and attorney fees from Pickle Pro under the Fair Labor Standards Act (FLSA). In Count II, plaintiff Kane Pree seeks damages and attorney fees under Fla. Stat. § 448.08 from defendants

for the breach of a contract between the parties for compensation at an hourly basis. No contract is attached. In Count III, pled in the alternative, Kane Pree alleges that he detrimentally relied upon the representations of defendants that he would be paid on an hourly basis, and now seeks to enforce the promise, with costs and attorney's fees under Fla. Stat. § 448.08. Both defendants initially appeared through counsel and filed an Answer and Affirmative Defenses (Doc. #16). Thereafter, counsel sought to withdraw as counsel of record for defendants. (Doc. #27.) The motion was granted, and Pick Pro was granted until August 23, 2017 to retain new counsel. (Doc. #28.) Finding no appearance, the Magistrate Judge issued an Order (Doc. #29) for Pickle Pro to show cause why it should not be sanctioned for failure to retain new counsel. Finding no response, the Magistrate Judge recommended that a default be entered against Pickle Pro. (Doc. #30.)

On September 26, 2017, the Court adopted the Magistrate Judge's Report and Recommendation (Doc. #30), deemed stricken defendant Pickle Pro, LLC's Answer and Affirmative Defenses (Doc. #16) for the failure to comply with orders to retain counsel, and directed the entry of a default against this defendant. (Doc. #31.) On September 27, 2017, a Clerk's Entry of Default (Doc. #32) was entered.

## II. Factual Basis

Plaintiffs Kane Pree and Blake Pree are individuals who "at all times had enterprise and individual coverage under the FLSA during his employment" with Pickle Pro. (Doc. #1, ¶¶ 2-3.) Plaintiff Kane Pree was a production manager who was paid on an hourly basis, and plaintiff Blake Pree was an hourly employee. (Id.)

Defendant Pickle Pro is alleged to a covered employer under the FLSA with the authority to hire, fire, assign work, supervise and control plaintiffs' work schedules and conditions of employment. (Id., ¶ 4.) Defendant Todd Pree is an individual and a covered employer who is also the biological parent of plaintiffs and sole manager with authority to hire, fire, and assign work to plaintiffs.

In 2013, Kane Pree founded Pickle Pro but he was a minor and incorporated the company in his father's name. (Id., ¶¶ 5, 10.) Todd Pree did not have significant knowledge of how to construct a pickle ball paddle, which it is assumed was the nature of the business. (Id., ¶ 11.) Both plaintiffs began working for Todd Pree in 2013, through April 18, 2016, when their employment was terminated after plaintiffs sided with their mother in the divorce of the parents. (Id., ¶¶ 12-14.)

Both plaintiffs worked in excess of 40 hours each week without proper overtime compensation, and were required to work 60 hours each week. (Id., ¶¶ 15, 22.) "Defendant", which is a collective reference to both defendants, id., ¶ 6, sent written correspondence admitting to the failure to pay monies owed, id., ¶ 23. Defendant failed to pay Kane Pree approximately $20,835.00 in overtime, and failed to pay Blake approximately $17,362.50 in overtime. (Id., ¶¶ 26-27.) Plaintiffs allege that they are covered, non-exempt employees, and that "Defendant" was the employer with operational control who violated the FLSA by failing to pay the rate of one and one-half times the regular rate of pay for overtime. (Id., ¶¶ 29-33.)

**III. Legal Basis**

"The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court. Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered." GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citation omitted). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Nishimatsu Const. Co. v.

Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). "A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu, 515 F.2d at 1206). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

**IV. Count I - FLSA**

To establish a prima facie case for overtime compensation, a plaintiff must show: (1) defendant employed them; (2) defendant is an enterprise engaged in interstate commerce covered by the FLSA; (3) plaintiff worked in excess of a 40-hour workweek; and (4) defendant did not pay overtime wages to him. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Although plaintiffs only refer to defendants generically as "Defendant", plaintiffs do allege that each of the defendants, Pickle Pro and Todd Pree individually, were both employers. (Doc. #1, ¶¶ 4-5.) Plaintiffs also allege that they worked in excess of 40 hours "almost each week" without proper overtime compensation. (Id., ¶ 15.) As to the second element, plaintiffs'

allegation that they each "had enterprise and individual coverage under the FLSA" is inadequate.

There are two types of coverage under the FLSA: individual coverage (where an employee is engaged in commerce) and enterprise coverage (where an employee works for an enterprise engaged in commerce). For a plaintiff to have been "engaged in commerce", the plaintiff:

> must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006) (citations omitted). "Commerce" is defined to include trade, commerce, transportation, transmission, or communication among or between states. 29 U.S.C. § 203(b). To determine individual coverage, it is the character of the activities themselves that are determinative. Jimenez v. S. Parking, Inc., No. 07-23156-CIV, 2008 WL 4279618, at *7 (S.D. Fla. Sept. 16, 2008) (citing Overstreet v. N. Shore Corp., 318 U.S. 125, 132 (1943)). See also 29 U.S.C. § 203(s)(1) (defining enterprise engaged in

commerce as one with an annual gross volume of sales not less than $500,000).

The conclusory allegation that plaintiffs are individuals who "at all times had enterprise and individual coverage under the FLSA during [their] employment" is insufficient to establish the element of an enterprise engaged in commerce covered under the FLSA. There are no factual statements in the Complaint as to what plaintiffs did for their employers, or what commerce Pickle Pro was actually engaged in, or how Pickle Pro impacted interstate commerce through its activities. Additionally, there are no factual allegations as to the gross revenues, or as to how many employees worked for Pickle Pro.

By Declaration (Docs. ## 33-1, 33-2), both Kane Pree and Blake Pree state that Pickle Pro manufactures pickle ball paddles, which are similar to tennis racquets. They state that Pickle Pro ships throughout the United States, and internationally through online sales and through Amazon's website. A large part of their job was to unload goods from out of state suppliers and then ship finished goods to interstate customers.[1] During employment, sales were

---

[1] The Court notes that Kane Pree's Answers to Court's Interrogatories (Doc. #24) describe a more managerial role as a production manager:

over $1.7 million, and then exceeded $2 million for each year thereafter during their employment. While relevant, none of these factual allegations are contained in the Complaint and therefore are not deemed admitted by Pickle Pro.

As currently pled, the Complaint does not establish that Pickle Pro is an enterprise engaged in interstate commerce. As a result, default judgment must be denied as to Count I. This is without prejudice to plaintiffs seeking a summary judgment, if appropriate, as to Count I.

**V.   Count II – Breach of Contract**

For a breach of contract claim, Kane Pree must establish: (1) the existence of a contract; (2) that the contract was breached, and (3) that damages resulted from the breach. <u>Rollins, Inc. v. Butland</u>, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). This claim is

---

> Worked directly with all the employees to do what needed to be done.
> Monitored the employees to insure they were getting their jobs done.
> Randomly selected and checked the quality of product.
> Solved customer service issues.
> Loading and unloading materials used in production of paddles
> Conducted inventory of all products.
> Research and development.
> Operated a CNC machine.
> Shipping and handling.

(Doc. #24, pp. 1-2.)

presented only by Kane Pree against both defendants, and only Pickle Pro is currently in default.

Kane Pree alleges that a contract existed between him and "Defendant", which includes Pickle Pro; that the terms of the contract were that Kane Pree would be compensated for his services on an hourly basis; that Kane Pree fully and satisfactorily performed his duties under the contract; that defendants breached the contract by refusing to pay the wages due under the clear and unambiguous terms of the contract; that defendants in fact often failed to pay Kane Pree; and Kane Pree has been damaged as a result of the breach. (Doc. #1, ¶¶ 38-43.) As damages, Kane Pree seeks $36,265.25 in damages on the breach of contract claim. (Doc. #33, p. 9.) This is sufficient to state a claim for breach of contract, and therefore a default judgment will be granted as to Count II in favor of Kane Pree and against Pickle Pro only.

Plaintiffs both filed Answers to Court's Interrogatories (Docs. #24, 25) detailing their work schedules, job duties, regular rate of pay, and attorney fees and costs. Both were signed and sworn in the presence of a Notary Public. (Doc. #25, p. 4.) Kane Pree was employed by Pickle Pro from April 2013 through April 18, 2016. Kane Pree's regular rate of pay was $15.00 per hour in June 2013, which increased to $18.00 an hour on April 19, 2014. (Doc.

#24, ¶¶ 1, 5.) Attached is a list of the dates worked, the regular hours worked, a few overtime hours, the partial pay received as compensation, and the total amount of wages claimed. The Court finds this is sufficient to determine a sum certain for unpaid compensation and overtime compensation during employment, and no evidentiary hearing is required.

Plaintiffs cite Fla. Stat. § 448.08 for purposes of seeking attorney fees, which is broadly construed to encompass unpaid wage contracts. Costa v. MGM Contracting Inc., No. 6:13-CV-1411-ORL-37TBS, 2015 WL 12852956, at *2 (M.D. Fla. Oct. 28, 2015), report and recommendation adopted, No. 6:13-CV-1411-ORL-37TBS, 2016 WL 7437613 (M.D. Fla. Feb. 10, 2016). Therefore, attorney's fees may be awarded.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Final Default Judgment Against Defendant Pickle Pro, LLC (Doc. #33) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to Count II and denied without prejudice as to Count I. Count III is dismissed without prejudice as to Pickle Pro as it was pled in the alternative and no damages were being sought by the motion for default judgment.

2. Judgment will be entered in favor of Kane Pree and against Pickle Pro as to Count II in the amount of $36,265.25 in damages, and Count III will be dismissed without prejudice. All counts remain pending against Todd Pree.

3. The Clerk shall withhold the entry of judgment until the conclusion of the case. Any request for attorney's fees may be filed within **FOURTEEN (14) DAYS** of the entry of judgment.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Todd Pree
Counsel of Record