UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KANE PREE, an individual and
BLAKE PREE, an individual,

    Plaintiffs,

v.                         Case No: 2:17-cv-42-FtM-29CM

PICKLE PRO, LLC, a Florida
limited liability
corporation and TODD PREE,
an individual,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on the plaintiffs Kane Pree and Blake Pree's Motion for Summary Judgment (Doc. #39) filed on December 29, 2017. Plaintiffs seek summary judgment as to Count I against the defaulted party, Pickle Pro, LLC (Pickle Pro) only. The case otherwise remains pending against Todd Pree. Also before the Court is plaintiff's Motion for Attorney's Fees (Doc. #38) filed on the same day. No response has been filed to either motion, and the time to respond has expired.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if

the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The motion must be supported by citing to materials in the record, or or by showing that the nonmoving party cannot produce admissible evidence. Fed. R. Civ. P. 56(c)(1).

If a party fails to properly respond, the Court may consider the facts undisputed and "grant summary judgment if the motion and supporting materials--including the facts considered undisputed-- show that the movant is entitled to it. . . ." Fed. R. Civ. P. 56(e). The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In such a case, the moving party is "entitled to a judgment as a matter of law", much like a directed verdict under Fed. R. Civ. P. 50(a). Id. (citing Anderson, 477 U.S. at 250).

## II.

On December 18, 2017, the Court issued an Opinion and Order (Doc. #37) granting in part plaintiffs' Motion for Final Default Judgment Against Defendant Pickle Pro, LLC (Doc. #33) as to Count II, brought by Kane Pree only, and dismissing Count III without prejudice as pled in the alternative. The motion was denied as to

Court I without prejudice to filing a request for summary judgment because the Court found:

> There no factual statements in the Complaint as to what plaintiffs did for their employers, or what commerce Pickle Pro was actually engaged in, or how Pickle Pro impacted interstate commerce through its activities. Additionally, there are no factual allegations as to the gross revenues, or as to how many employees worked for Pickle Pro.

(Doc. #37, p. 7.) The Court withheld the entry of judgment in favor of Kane Pree on Count II for breach of contract in the amount of $36,265.25 for unpaid wages pending the conclusion of the case.

In the Opinion and Order, the Court set forth the factual basis for a default judgment deemed admitted by Pickle Pro by virtue of its default. (Id., pp. 3-4.) The facts are hereby incorporated herein. The Court further noted that additional facts set forth by Declaration supported judgment in favor of plaintiffs, but that "none of these factual allegations are contained in the Complaint and therefore are not deemed admitted by Pickle Pro." (Id., p. 8.) Plaintiffs have now filed their request for summary judgment, and have incorporated and re-submitted the previously filed Declarations in support of summary judgment.[1]

---

[1] The Declaration of Blake Pree was filed under separate Notice of Filing Missing/Corrected Exhibit (Doc. #41). Counsel states that it was not included with the motion "when docketed by the Clerk of Court", however the Court notes that the motion and exhibits were electronically filed by counsel.

The Court finds that plaintiffs have sufficiently stated a claim for a violation of the Fair Labor Standards Act (FLSA), and are entitled to summary judgment. Plaintiffs have established that they were not paid their overtime compensation for hours worked in excess of the forty hour workweek. Plaintiffs seek damages for the unpaid overtime wages, as well as an equal amount for liquidated damages as authorized under the FLSA. The amounts set forth in the Declarations will be awarded as requested.

## III.

Plaintiff Kane Pree seek attorney fees under Fla. Stat. § 448.08 as to Count II. The Court previously found that attorney fees could be awarded for unpaid wage contracts, and directed that the motion be filed separately after the entry of judgment. (Doc. #3, p. 10.) The Court is herein granting summary judgment in favor of both plaintiffs as to Count I, and plaintiffs collectively have made a demand for attorney fees under the FLSA, see doc. #1, p. 6. Since the FLSA also permits an award of a "reasonable attorney's fee to be paid by the defendant, and costs of the action", 29 U.S.C. § 216(b), the Court will deny the motion without prejudice to seeking all attorney's fees in a single motion to be filed after the entry of judgment.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. #39) is **GRANTED** in favor of plaintiffs and against defendant Pickle Pro on Count I of the Complaint as follows:

    A. In favor of Kane Pree in the amount of $20,835.00 for unpaid overtime wages, and an additional $20,835.00 in liquidated damages; and

    B. In favor of Blake Pree in the amount of $17,362.50 for unpaid overtime wages, and an additional $17,362.50 in liquidated damages.

2. Plaintiff's Motion for Attorney's Fees (Doc. #38) is **DENIED** without prejudice to re-filing after judgment is entered as to all counts against Pickle Pro.

3. The Clerk shall continue to withhold the entry of judgment as to all counts until the conclusion of the case against Todd Pree, but terminate Pickle Pro as a pending defendant.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of February, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record