**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **KANE PREE**, an individual, and **BLAKE PREE**, an individual, | **CIVIL ACTION** |
| Plaintiff, | **Case No.  2:17-cv-42** |
| v. | **Judge: John E. Steele** |
| **PICKLE PRO, LLC**, a Florida limited liability corporation, and **TODD PREE**, an individual, | **Mag. Judge:  Carol Mirando** |
| Defendants, | |
| and | |
| **AMAZON.COM.DEDC, LLC**, a Delaware limited liability corporation, | |
| Garnishee. | |

## PLAINTIFFS' MOTION FOR WRIT OF GARNISHMENT

**NOW COME**, the Plaintiffs, by and through his undersigned attorney, and pursuant to Sections 77.01 and 77.03. Florida Statutes (2016), moves for issuance of a Writ of Garnishment directed against Garnishee, Amazon.com.DEDC, LLC, and in support therefor states as follows:

1.  Final Judgment was entered against Defendant, Pickle Pro, LLC, on March 5, 2018, which awarded to Kane Pree as to Count I in the amount of $20,835.00 for unpaid overtime wages, and an additional $20,835.00 in liquidated damages; and as to Count II in the amount of $36,265.25 in damages; and to Blake Pree as to Count I in the amount of $17,362.50 for unpaid overtime wages, and an additional $17,362.50 in liquidated damages.

2.   As of the date hereof, no portion of the Final Judgment has been satisfied, and therefore the total amount due to Plaintiff Kane Pree is $77,935.25 and the total amount due to Plaintiff Blake Pree is $34,725.00, together with interest thereon since March 5, 2018.

3.   Plaintiff has a good faith belief that Garnishee is in possession, custody, or control of tangible or intangible personal property of Defendant or a debt which is due to Defendant which is subject to garnishment.

4.   Pursuant to Fed. R. Civ. P. 69, the Court must follow state law with regard to garnishment procedures. Plaintiff is entitled to a writ of garnishment pursuant to Section 77.01, Florida Statutes (2016), which provides that "any person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment ..." To obtain issuance of the writ, Plaintiff must simply file a motion setting forth the amount of the judgment, which this instant motion does. § 77.03, Fla. Stat. (2016).

5.   Moreover, the Florida Supreme Court has held that a plaintiff is entitled to issuance of a post-judgment writ of garnishment upon motion and without notice or an opportunity of the defendant to be heard. *United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978) ("neither due process . . . nor any provision of the Florida Constitution requires prior notice to a judgment debtor and a hearing before a writ of garnishment may issue").

Accordingly, Plaintiff respectfully requests that a writ of garnishment immediately issue in the form attached hereto as Exhibit 1, without further notice or hearing thereon.

Respectfully submitted,

Dated: March 7, 2018

*/s/ Benjamin H. Yormak*
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiffs
Yormak Employment & Disability Law
9990 Coconut Road

Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2018, I electronically filed the foregoing (and exhibits) with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Mr. Todd Pree
Pickle Pro, LLC
3527 Plover Ave, Unit 2 Naples, FL 34117

*/s/ Benjamin H. Yormak*
Benjamin H. Yormak