# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

KANE PREE and BLAKE PREE, an
individual

      Plaintiffs,

v.                                Case No:  2:17-cv-42-FtM-29CM

PICKLE PRO, LLC,

      Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motions for Entry of Default filed on June 18, 2018. Docs. 70, 71, 72. Plaintiffs move, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for entry of Clerk's defaults against Garnishees Amazon.com, Inc., Amazon.com.dedc, LLC, and Amazon Retail, LLC. Doc. 70 at 1; Doc. 71 at 1; Doc. 72 at 1. The Court previously granted Plaintiffs' Motions for Writ of Garnishment against Garnishees Amazon.com, Inc., Amazon Retail, LLC and Amazon.com.dedc, LLC and the Clerk issued the writs on March 12, 2018. *See* Docs. 54, 55, 56, 57. For the reasons stated below, the motions as to Amazon.com, Inc. and Amazon Retail, LLC are granted, and the motion as to Amazon.com.dedc, LLC is denied as moot.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Similarly, Rule 1.07(b) of the Middle District of Florida Local Rules provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service can be made on a corporation by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or any employee of the registered agent. *Id.* § 48.081(3)(a).

Here, the Court finds service on each of the three Garnishees sufficient. Plaintiffs filed returns of service in support of the motions, each completed and signed by Attorneys Subpoena Service, Inc., Fort Myers, Florida. Docs. 70-1, 71-1, 72-1. The return of service related to Amazon.com, Inc. states that on March 16, 2018, the

process server served a true copy of the Writ of Garnishment to Caroline Little, an authorized agent of Amazon.com, Inc.'s registered agent, Corporation Service Company, at 300 Deschutes Way S.W., Suite 304, Tumwater, Washington. Doc. 70-1. The returns of service for Amazon.com.dedc, LLC and Amazon Retail, LLC both state that on March 16, 2018, the process server served the applicable Writs of Garnishment on Kara Stover, an authorized representative of the registered agent of Amazon.com.dedc, LLC and Amazon Retail LLC, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida. Docs. 71-1, 72-1. Thus, service was properly effected on all three Garnishees under Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure and § 48.081(3)(a) of the Florida Statutes.

Under Florida law, a garnishee must serve an answer on the plaintiff within 20 days after service of a properly executed writ of garnishment. Fla. Stat. § 77.04. If the garnishee fails to respond to the writ of garnishment within the statutory timeframe, a Clerk's Default is appropriate. *See Merrill Lynch & Co., Inc. v. Valat Intern. Holdings, Ltd.*, 987 So.2d 703, 704 (Fla. 3d DCA 2008). Here, Amazon.com, Inc. and Amazon Retail, LLC failed to respond to the Writs of Garnishment within the time period and have not filed answers to date. Thus, entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 1.07(b) of the Middle District of Florida Local Rules is appropriate. Amazon.com.dedc, LLC, however, filed an answer to the Writ of Garnishment on November 16, 2018. Doc. 80. Thus, because Amazon.com.dedc, LLC has now responded to the Writ of

Garnishment issued against it, the Court finds entry of a Clerk's Default inappropriate.[1]

ACCORDINGLY, it is

**ORDERED:**

1.     Plaintiffs' Motions for Entry of Default as to Garnishees Amazon.com, Inc. and Amazon Retail, LLC are **GRANTED.**   The Clerk is directed to enter a Clerk's Default against Garnishees Amazon.com, Inc. and Amazon Retail, LLC.

2.     Plaintiffs' Motion for Entry of Default as to Amazon.com.dedc, LLC is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of December, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties

---

[1] The Court notes that Amazon.com.dedc, LLC's answer to the Writ of Garnishment references "Amazon.com and its affiliates" in responding to the writ.   Doc. 80 at 1.   The title of the answer includes only Amazon.com.dedc, LLC, however, and its attorneys, Davis Wright Tremaine LLP, appear as counsel of record for Amazon.com.dedc, LLC only, and not for Amazon.com, Inc. or Amazon Retail, LLC.   Doc. 80 at 1; *see generally* Docket.   Thus, the only Garnishee that has properly responded to the Writ of Garnishment is Amazon.com.dedc, LLC.