UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KANE PREE and BLAKE PREE,

    Plaintiffs,

v.                                    Case No:   2:17-cv-42-FtM-29UAM

PICKLE PRO, LLC,

    Defendant.

## **ORDER**

This matter comes before the Court upon review of Todd Pree's[1] Emergency[2] Motion, Response to Plaintiffs' Motion for Sanctions, Notice of Not Being Able to Proceed as Witness Due to Health Issues, Request for an Attorney to be Appointed, Request for a Jury Trial Regarding Sanctions, Request for This Case to Be Fully Closed, Request for a Hearing Regarding the Deposition, Request to Make Mr. Yormak to Accept Money From Mr. Pree to End This Lawsuit, Request for Sanctions Against Mr. Ben Yormak, and Multiple Other Requests.  Doc. 92.  The motion is granted only to the extent that it requests leave to file out of time Mr. Pree's response to Plaintiffs' motion for sanctions (Doc. 79), and the Court will deem the portions of the filing that can be discerned as the response as timely filed.  Mr. Pree's motion is otherwise denied.

---

[1] The Honorable John E. Steele terminated Mr. Pree as a party on March 5, 2018, in response to Plaintiffs' request for his voluntary dismissal.  Doc. 46.

[2] The Court has warned Mr. Pree that pleadings should only be designated as an "emergency" in extraordinary circumstances, when there is a true and legitimate emergency.  Doc. 88 at 1 n.1; Doc. 64 at 1 n.1.  As with Mr. Pree's two previous "emergency" motions, there is no threat of immediate or irreparable harm present to justify the designation of this motion as an emergency.  If Mr. Pree designates another filing as an "emergency" when no emergency exists, the Court may impose sanctions on him.

On January 24, 2017, Plaintiffs filed this case under the Fair Labor Standards Act ("FLSA") against their father, Todd Pree, and Pickle Pro, LLC. Doc. 1. Count I of the Complaint alleged Defendants violated the FLSA by failing to pay overtime wages and Counts II and III alleged breach of contract and promissory estoppel related to Defendants' failure to pay wages for hours worked. *Id.* ¶¶ 28-53. On July 21, 2017, the Court granted counsel for Pickle Pro and Mr. Pree leave to withdraw from the case. Doc. 28. Because Middle District of Florida Local Rule 2.03(e) requires a corporation to be heard through counsel, the Court gave Pickle Pro multiple opportunities to retain new counsel, but it failed to do so. Docs. 28, 29; *see also* Docs. 30, 31, 32. Judge Steele subsequently granted default judgment against Pickle Pro as to Count II, granted summary judgment against Pickle Pro as to Count I and dismissed Count III. *See* Docs. 37, 42. On February 14, 2018, Plaintiffs requested the Court dismiss Mr. Pree as a party, and the Court dismissed Mr. Pree and directed the Clerk to enter judgment on March 5, 2018. Docs. 44, 46. Judgment was entered on March 5, 2018, and multiple writs of garnishment were subsequently issued. Doc. 47; *see* Docs. 55, 56, 57, 58, 59, 60, 74, 75, 76, 77.

On September 9, 2018, Plaintiffs filed a motion for sanctions against Mr. Pree. Doc. 79. Plaintiffs allege they subpoenaed Mr. Pree, as managing member of Pickle Pro, to appear for a deposition in aid of execution and Mr. Pree failed to appear. *Id.* at 2. Plaintiffs then subpoenaed Mr. Pree again, and Mr. Pree appeared in response to the second subpoena for a deposition on August 20, 2018. *Id.* at 3. Plaintiffs allege Mr. Pree failed to bring requested documents, refused to meaningfully answer questions and verbally attacked Plaintiffs' counsel during the deposition. *Id.* at 2-13. Plaintiffs seek sanctions and an order finding Mr. Pree in contempt. *Id.* at 13-17. The Court directed Mr. Pree to respond to Plaintiffs' motion for sanctions by

December 31, 2018 or the Court would consider the motion without the benefit of a response. Doc. 82.

Mr. Pree subsequently filed an emergency motion for an extension of time to respond to the motion for sanctions. Doc. 85. In that motion, Mr. Pree made many of the same requests he makes in the present motion. *See generally id.* The Court granted Mr. Pree's motion in part, only to the extent that the Court allowed Mr. Pree until January 30, 2019 to respond to the motion for sanctions but denied Mr. Pree's remaining requests. Doc. 88 at 3-4. The Court denied Mr. Pree's remaining requests as not properly before the Court because Mr. Pree is a non-party to the case and cannot be heard on behalf of Pickle Pro.[3] *Id.* For the same reasons explained in the previous Order, Mr. Pree's requests in this motion are denied as not properly before the Court. *See* Doc. 88 at 3-4; *SEC v. Lauer*, No. 03-80612-CIV-MARRA, 2007 WL 1394001, at *1 (S.D. Fla. May 2, 2007) (finding motion not properly before the Court where movant is a non-party who has not sought to intervene). The Court will, however, deem the relevant portions of Mr. Pree's filing meant as a response to Plaintiffs' motion for sanctions as timely filed, and will consider the response in ruling on the motion for sanctions.

ACCORDINGLY, it is

**ORDERED:**

Todd Pree's Emergency Motion (Doc. 92) is **GRANTED in part and DENIED in part**. The motion is granted **only to the extent** it requests leave to file out of time Mr. Pree's response to Plaintiffs' motion for sanctions (Doc. 79). The Court will consider the relevant portions of

---

[3] The Court has reminded Mr. Pree multiple times that he may not represent Pickle Pro because the Local Rules require corporations to be represented by "counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." M.D. Fla. R. 2.03(e); *see* Docs. 28, 29, 30, 31, 36, 64, 87, 88.

Mr. Pree's filing as a response to the motion for sanctions and deem the response timely filed.

The motion is **denied in all other respects.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of February, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record
*Pro se* parties
Todd Pree