UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KANE PREE, an individual, and BLAKE
PREE, an individual,

    Plaintiffs,

v.                                                                                          Case No: 2:17-cv-42-FtM-29UAM

PICKLE PRO, LLC, a Florida limited
liability corporation,

    Defendant.

## ORDER

    This cause is before the Court on Plaintiffs Kane Pree and Blake Pree's Motion for Sanctions (Doc. 79) filed on September 9, 2018. Plaintiffs are requesting the Court to enter an order sanctioning Defendant Pickle Pro, LLC's managing member, Todd Pree. Plaintiffs also request the Court to find Mr. Pree in civil contempt. On February 25, 2019, Mr. Pree filed a document (Doc. 92) that the Court has construed as a response in opposition to Plaintiffs' motion. For the reasons explained below, the Court finds that Plaintiffs' motion is due to be **DENIED** at this time.

    A review of this case's background is in order. On January 24, 2017, Plaintiffs filed this case under the Fair Labor Standards Act ("FLSA") against their father, Todd Pree, and Pickle Pro, LLC. (Doc. 1). Count I of the Complaint alleged Defendants violated the FLSA by failing to pay overtime wages and Counts II and III alleged breach of contract and promissory estoppel related to Defendants' failure to pay wages for hours worked. *Id.* ¶¶ 28-53. On July 21, 2017, the Court granted counsel for Pickle Pro and Mr. Pree leave to withdraw from the case. Doc. 28. Because Middle District of Florida Local Rule 2.03(e) requires a corporation to be heard through counsel,

the Court gave Pickle Pro multiple opportunities to retain new counsel, but it failed to do so. (Docs. 28, 29; *see also* Docs. 30, 31, 32). Judge Steele subsequently granted default judgment against Pickle Pro as to Count II, granted summary judgment against Pickle Pro as to Count I and dismissed Count III. (*See* Docs. 37, 42). On February 14, 2018, Plaintiffs requested the Court dismiss Mr. Pree as a party, and the Court dismissed Mr. Pree and directed the Clerk to enter judgment on March 5, 2018. (Docs. 44, 46). Judgment was entered on March 5, 2018, and multiple writs of garnishment were subsequently issued. (Doc. 47; *see* Docs. 55, 56, 57, 58, 59, 60, 74, 75, 76, 77).

On September 9, 2018, Plaintiffs filed the instant motion for sanctions against Mr. Pree. (Doc. 79). Plaintiffs allege they subpoenaed Mr. Pree, as managing member of Pickle Pro, to appear for a deposition in aid of execution and Mr. Pree failed to appear. *Id.* at 2. Plaintiffs then subpoenaed Mr. Pree again, and Mr. Pree appeared in response to the second subpoena for a deposition on August 20, 2018. *Id.* at 3. Plaintiffs allege Mr. Pree failed to bring requested documents, refused to meaningfully answer questions and verbally attacked Plaintiffs' counsel during the deposition. *Id.* at 2-13. Plaintiffs seek sanctions and an order finding Mr. Pree in contempt. *Id.* at 13-17. The Court directed Mr. Pree to respond to Plaintiffs' motion for sanctions by December 31, 2018 or the Court would consider the motion without the benefit of a response. Doc. 82.

Mr. Pree subsequently filed an emergency motion for an extension of time to respond to the motion for sanctions. Doc. 85. In that motion, Mr. Pree made many of the same requests he makes in the present motion. *See generally id.* The Court granted Mr. Pree's motion in part, only to the extent that the Court allowed Mr. Pree until January 30, 2019 to respond to the motion for sanctions but denied Mr. Pree's remaining requests. Doc. 88 at 3-4. The Court denied Mr. Pree's

remaining requests as not properly before the Court because Mr. Pree is a non-party to the case and cannot be heard on behalf of Pickle Pro. *Id.*  Mr. Pree subsequently filed another emergency motion which contained numerous requests in addition to a response to Plaintiffs' motion for sanctions.  The Court denied Mr. Pree's requests as improperly raised but deemed the relevant portions of Mr. Pree's filing meant as a response to Plaintiffs' motion for sanctions.

Turning to the motion at hand, Plaintiffs argue that Mr. Pree should be sanctioned for his misconduct during the August 20, 2018 deposition.  Plaintiffs contend that Mr. Pree was evasive, recalcitrant, and outright abusive during the deposition. (Doc. 79 p. 3).  Plaintiffs contend that Mr. Pree refused to comply with the subpoena in any meaningful way by refusing to bring requested documents with him to the deposition. (Doc. 79 p. 4).  In addition, Plaintiffs argue that Mr. Pree attempted to use much of the deposition to personally attack Plaintiffs' counsel. (Doc. 79 p. 9). Plaintiffs argue that Mr. Pree should be held in civil contempt. (Doc. 79 p. 17).

In response, Mr. Pree contends that he did his best to answer Plaintiffs' counsel's "irrelevant and malicious questions" and that there was no way he could have done a better job. (Doc. 92 p. 4).  Mr. Pree argues that Pickle Pro, LLC is insolvent and, therefore, questions concerning Pickle Pro, LLC's assets are irrelevant. (Doc. 93 p. 3).  Mr. Pree contends that Plaintiffs' counsel's questions caused him to suffer "PTSD reactions" which severely damaged his health. (Doc. 92 p. 4).

Courts have broad discretion in imposing consequences for abusive discovery practices or for a failure to preserve the integrity of the discovery process. *Sphinx Intern., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa*., 2003 WL 24871000, *8 (M.D. Fla. Mar. 21, 2003) (citing Aztec Steel Co. v. Florida Steel Corp., 691 F.2d. 480, 482 (11th Cir. Nov. 4, 1982)).  A court may impose "an order treating as contempt of court the failure to obey any orders." *Insurance Corp. of*

*Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 695 (1982). A court also has inherent powers to impose sanctions to achieve the orderly and expeditious disposition of cases where a party's conduct disrupts or impairs the judicial process. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976).

The Court has reviewed the transcript of the August 20, 2018. Simply put, Mr. Pree's conduct at the deposition was disingenuous, vile, and contumacious. Despite this behavior, given the fact that Mr. Pree was not represented by counsel at the deposition, the Court does not find it appropriate to find Mr. Pree in contempt of court at this time. The Court emphasizes, however, that Mr. Pree's lack of counsel will not protect him from being sanctioned for his conduct going forward.

As it stands, judgment has been entered against Defendant Pickle Pro, LLC, and in favor of Plaintiffs. (Doc. 47). Plaintiffs are entitled to obtain discovery from any person in aid of execution. Fed. R. Civ. P. 69. This includes Mr. Pree. While discovery via deposition would ordinarily be the appropriate vehicle to obtain information from Mr. Pree, in the interest of expediting this matter and avoiding another contentious, time-wasting deposition, the Court will order that discovery be obtained from Mr. Pree through the following procedure. The Court will require Plaintiffs to submit for the Court's review no more than twenty-five (25) proposed questions or requests for documents to be served on Mr. Pree. Each question shall be accompanied with a short statement as to the relevancy of the question. The Court will consider the appropriateness of each question. The Court will subsequently issue an order requiring Mr. Pree to provide a written answer to each question fully and accurately under penalty of perjury and to produce responsive documents. The order will direct Mr. Pree to serve his responses and

documents to Plaintiffs' counsel.  If Mr. Pree fails to do so, the Court may initiate contempt proceedings.

**While sanctions are not being imposed at this time, Mr. Pree should consider this Order a warning.  If he does not conduct himself appropriately and does not completely follow the directives of the Court, he may be found to be in contempt.**

**IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion for Sanctions (Doc. 79) is **DENIED** at this time.

2) Within thirty (30) days from the date of this Order, Plaintiffs shall submit for the Court's review no more than twenty-five (25) proposed questions or requests for documents to be served on Mr. Pree.  Each question shall be accompanied with a short statement as to the relevancy of the question.  The Court will subsequently enter an order requiring Mr. Pree to answer the questions or provide the documents under penalty of perjury or contempt.

**DONE** and **ORDERED** in Fort Myers, Florida on May 14, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties