UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **KANE PREE**, an individual, and **BLAKE PREE**, an individual, | CIVIL ACTION |
| Plaintiff, | Case No. 2:17-cv-042 |
| v. | Judge: John E. Steele |
| **PICKLE PRO, LLC**, a Florida limited liability corporation, and **TODD PREE**, an individual, | Mag. Judge: Unassigned |
| Defendants. | |

### PLAINTIFFS' PROPOSED DISCOVERY REQUESTS TO TODD PREE IN AID OF EXECUTION

**NOW COME** the Plaintiffs, **KANE PREE** ("K. Pree") and **BLAKE PREE** ("B. Pree") (collectively "Plaintiffs"), and hereby file Plaintiffs' Proposed Discovery Requests to Todd Pree in Aid of Execution (re: Doc. 94):

1. Provide copies of <u>any</u> insurance policies that insured Pickle Pro, LLC from May 4, 2013 (the date Pickle Pro, LLC was incorporated) to March 5, 2018 (the date Judgment was entered in this case), including any casualty and/or errors and omissions insurance policies.

**Basis:** These documents were subject to production under Fed. R. Civ. P. 26(a)(1)(iv) but the Defendants in this case failed to serve any Rule 26 Disclosures. The Plaintiffs are seeking to collect upon the Judgment entered in this case and are thus entitled to explore insurance as a means to do so.

2. Identify each financial institution where Pickle Pro, LLC deposited any funds from May 4, 2013 (the date Pickle Pro, LLC was incorporated) to present.

1

**Basis:** Mr. Pree is Pickle Pro, LLC's managing member and when asked to identify Pickle Pro's bank accounts, he testified that he changes them often. (64:1-6). The Plaintiffs have every right to seek information regarding Pickle Pro's bank accounts as those financial institutions may be a source of funds from which the Plaintiffs could seek to satisfy the Judgment.

3. **Provide copies of all bank statements, canceled checks, check stub records, and other banking records pertaining to Pickle Pro, LLC's financial affairs from September 14, 2016 (the date Plaintiffs first sent correspondence to Todd Pree regarding the claims in this action) to present, or for any account upon which Todd Pree has had signatory authority.**

**Basis:** See response to #2, above. This request is properly limited to the time frame from when Mr. Pree learned of impending litigation to present. It seeks information regarding how much money Pickle Pro had and where it has been spent since Mr. Pree learned of the possibility of litigation, which would identify other possible sources of funds to satisfy the Judgment. Plaintiffs believe that after learning of the impending legal action from the Plaintiffs, Mr. Pree began to siphon off monies to himself and others in order to try to make Pickle Pro appear to not possess any assets.

4. **Provide copies of all books, records, financial statements, income tax returns (with all attachments) and IRS Form W2s and 1099s kept or issued by Pickle Pro, LLC from September 14, 2016 (the date Plaintiffs first sent correspondence to Todd Pree regarding the claims in this action) to present.**

**Basis:** See response to #3, above. The Plaintiffs add that this request differs from Request #3 because it asks for Pickle Pro, LLC's internal financial documents and tax documents as opposed to banking documents.

5. **Provide a complete inventory of all items or property owned by Pickle Pro, LLC or any items in which Pickle Pro, LLC has an interest of any nature in whatsoever from September 14, 2016 (the date Plaintiffs first sent correspondence to Todd Pree regarding the claims in this action) to present.**

    a. **For any items sold, transferred or conveyed, provide all titles, bills of sale, lease agreements, or contracts of sale upon any property (whether tangible or**

> intangible) owned by Pickle Pro, LLC, or property in which Pickle Pro, LLC had an interest and identify the sale price for each.
>
> b. Identify the physical location for any items that are in your (Todd Pree's) or Pickle Pro, LLC's possession, custody or control.

**Basis:** The Plaintiffs are seeking to collect upon the Judgment entered in this case and are entitled to explore what tangible items of value Pickle Pro, LLC possesses as a means to do so, or what tangible items were disposed of by Pickle Pro once it learned of the impending litigation. Again, Plaintiffs believe that after learning of the impending legal action from the Plaintiffs, Mr. Pree began to siphon off monies/assets to himself and others in order to try to make Pickle Pro appear to not possess any assets.

6. For the real property owned by Pickle Pro, LLC (Lot 12, White Lake Corporate Park Phase Three, a subdivision, according to the Plat thereof recorded in Plat Book 34, Pages 45 and 46, in the Public Records of Collier County, Florida), which was sold on or about May 1, 2018 by Pickle Pro, LLC for the sum of $1,496,792.00, please identify:

> a. The purchaser;
>
> b. When any discussions regarding a potential purchase began between Pickle Pro, LLC and the purchaser;
>
> c. When was deal reached;
>
> d. When the transaction closed;
>
> e. How much money was received by Pickle Pro from the transaction;
>
> f. The bank account funds from the transaction were directed to;
>
> g. The method the funds were delivered to Pickle Pro, LLC, and;
>
> h. The title company that handled the closing of the transaction.

**Basis:** This request seeks to follow the monies from the post-Judgment sale of a building owned by Pickle Pro, LLC for $1,496,792.00. The Plaintiffs are seeking information related to that post-Judgment sale and where the $1,496,792.00 went, since it certainly did not go to the Plaintiffs.

**7.** Provide copies of any documents reflecting all wages, commissions, salaries, draws, deposits, bonuses and/or monies owing to Todd Pree, held in trust for Todd Pree, or to Todd Pree's account (in whole or in part), including the names of the person(s) and/or firm or company from whom monies are being received or due, from September 14, 2016 (the date Plaintiffs first sent correspondence to Todd Pree regarding the claims in this action) to present.

**Basis:** Again, Plaintiffs believe that after learning of the impending legal action from the Plaintiffs, Mr. Pree began to siphon off monies/assets to himself and others in order to try to make Pickle Pro appear to not possess any assets. The Plaintiffs are entitled to discover where Pickle Pro, LLC's assets went since the time they notified Mr. Pree of impending litigation.

**8.** Provide copies of any other documents evidencing any loans, leases, business transactions, security interests or property holdings to which you (Todd Pree) or Pickle Pro, LLC are party.

**Basis:** See response to #7, above. The Plaintiffs also believe Mr. Pree is concealing Pickle Pro's assets, possibly through fraudulent conveyances.

**9.** Identify all persons that have had a financial interest in Pickle Pro, LLC from September 14, 2016 (the date Plaintiffs first sent correspondence to Todd Pree regarding the claims in this action) to present.

**Basis:** See response to #8, above.

**10.** Identify any monies paid to any person or entity by Pickle Pro, LLC from March 5, 2018 (the date Judgment was entered in this case) to present.

**Basis:** The Plaintiffs are seeking to collect upon the Judgment entered in this case and are entitled to explore where Pickle Pro, LLC's monies went after Judgment was entered in this case. Again, Plaintiffs believe that after learning of the impending legal action from the Plaintiffs, Mr. Pree began to siphon off monies/assets to himself and others in order to try to make Pickle Pro appear to not possess any assets. Moreover, as seen in request #6, Pickle Pro, LLC sold real property post-Judgment in the amount of $1,496,792.00 and those funds and other funds had to have gone somewhere; and the Plaintiffs merely seek information as to where the money went.

**11. Identify all of your (Todd Pree's) sources of income from September 14, 2016 (the date Plaintiffs first sent correspondence to Todd Pree regarding the claims in this action) to present.**

**Basis:** Again, Plaintiffs believe that after learning of the impending legal action from the Plaintiffs, Mr. Pree began to siphon off monies/assets to himself and others in order to try to make Pickle Pro appear to not possess any assets. And notwithstanding selling real property post-Judgment in 2018 for $1,496,792.00, Pickle Pro has paid nothing towards Plaintiffs' Judgment. But somehow, Mr. Pree finds the money to live and he rents a condominium that is not inexpensive, which the Plaintiffs believe are derived from monies attributable from Pickle Pro, LLC.

                              Respectfully submitted,

Dated: June 10, 2019            */s/ Benjamin H. Yormak*
                                        Benjamin H. Yormak
                                        Florida Bar Number 71272
                                        Trial Counsel for Plaintiffs
                                        Yormak Employment & Disability Law
                                        9990 Coconut Road
                                        Bonita Springs, Florida 34135
                                        Telephone: (239) 985-9691
                                        Fax: (239) 288-2534
                                        Email: byormak@yormaklaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 10, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

    Mr. Todd Pree
    Pickle Pro, LLC
    3527 Plover Ave, Unit 2 Naples, FL 34117

                                        */s/ Benjamin H. Yormak*
                                        Benjamin H. Yormak