UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KANE PREE, an individual, and BLAKE
PREE, an individual,

    Plaintiff,

v.                                              Case No.:   2:17-cv-42-JES-MRM

PICKLE PRO, LLC, a Florida limited liability
corporation, and TODD PREE, an individual,

Defendants.
_____/

## ORDER

Pending before the Court is an email with an attachment sent by third-party witness, Mr. Todd Pree, to the presiding United States District Judge in this case. (*See* Composite Exhibit A filed herewith). The email and attachment were sent from Mr. Pree to the presiding United States District Judge's chambers email account. (*Id.*). The email attachment is a document titled "First Response to Order and Sworn statement / Sworn Affidavit" (*see id.*), which the Court construes as an attempt to respond to the Court's May 5, 2020 Order directing Mr. Pree to comply with certain discovery obligations (Doc. 101). Mr. Pree's email to the presiding District Judge was improper for at least three reasons.

First, Mr. Pree's attempts at *ex parte* communications with a presiding judge in this litigation are wholly improper. Mr. Pree is admonished that if he desires to communicate with this Court in response to an order – as he attempted to do here – or otherwise, he may only do so by making an appropriate filing in the Court's public file through the Clerk's Office and he must provide a copy of his submission to counsel of record in the litigation. Email submissions to a presiding judge's chambers email account will not be accepted or acted upon unless the Court

invites and authorizes the email submission in advance. If the Court invites and authorizes an email submission in advance, Mr. Pree must still copy all counsel of record on the email at the time it is sent. Mr. Pree's attempts to communicate with a judicial officer of this Court without including counsel of record – in particular, Plaintiffs' counsel – were improper.

Second, Mr. Pree's transmittal email to the presiding District Judge's chambers email account requests that the District Judge approve the form of his response to the Court's May 5, 2020 Order (Doc. 101). A judicial officer of this Court will not pre-approve the sufficiency or adequacy of any filing, including a response to a specific Court order. If Mr. Pree intends to file a response to the Court's May 5 Order, he must proceed to file that response through the Clerk's Office. (Doc. 101 at 5-8).

Third, the Court reminds Mr. Pree that the Court's May 5 Order provided him with several clear options and instructions, including the following:

> [I[f Todd Pree maintains that no responsive documents exist, then he must so state in writing and must file **a sworn affidavit or declaration signed under penalty of perjury** that he completed a reasonably diligent search for documents responsive to these requests and, based on the results of that search, no responsive documents exist. If Todd Pree maintains that he is producing all responsive documents, then Todd Pree must so state this in writing and must file **a sworn affidavit or declaration signed under penalty of perjury** stating that Todd Pree has completed a reasonably diligent search for documents responsive to these requests and that based on the results of this search, he has produced all responsive documents.

(Doc. 101 at 8 (emphasis added)). The purported response attached to Mr. Pree's email communication was not signed by him, sworn under oath, or notarized. If Mr. Pree intends to file his response formally, the Court will require him to sign it under oath and have it notarized before the Court will consider it. The Court will consider the sufficiency of Mr. Pree's response when it is filed in full compliance with the Court's May 5 Order.

## CONCLUSION

Accordingly, the Court **ORDERS** that:

1. If Mr. Pree intends to respond in writing to this Court's May 5 Order (Doc. 101), he must do so **no later than June 4, 2020**. The Court will not otherwise consider the materials Mr. Pree improperly emailed to the presiding District Judge.

2. If Mr. Pree files his response to the Court's May 5 Order, it must be in the proper form, and it must include a signed and notarized affidavit sworn under oath and under penalty of perjury.

3. The Clerk of Court is directed to email this Order along with Composite Exhibit A to Mr. Pree's email address: mediagiant11@gmail.com.

4. The Court again cautions Mr. Pree that if he does not comply with the Court's Orders and conduct himself appropriately, then he may be found in contempt of Court and subjected to sanctions, which may include the imposition of fines or incarceration to secure his compliance.

**DONE** and **ORDERED** in Fort Myers, Florida on May 15, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties