UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KANE PREE and BLAKE PREE, an individual,

    Plaintiffs,

v.                                            Case No.:  2:17-cv-42-FtM-29MRM

PICKLE PRO, LLC,

    Defendant.
_____/

## ORDER

Mr. Todd Pree, former defendant and current non-party witness in this litigation, filed a Motion to Show Cause as to Why Mr. Ben Yormak Shouldn't Be Held in Contempt of Court for RPC Violations. (Doc. 110). The Court has carefully reviewed Mr. Pree's filing, which the Court construes as a motion to hold Plaintiff's counsel of record, Mr. Benjamin Yormak, in contempt of court based upon, *inter alia*, certain representations counsel included in a notice of compliance filed on May 14, 2020 (Doc. 105) and counsel's dealings with Mr. Pree by telephone. (*See* Doc. 110 at 1-6). Upon consideration of Mr. Pree's filings, the Court finds good cause to rule on the motion without awaiting a response and the Court finds that the requested relief must be **DENIED**.

### LEGAL STANDARD

"District courts have inherent power to enforce compliance with their lawful orders through civil contempt." *National Union Fire Ins. Co. of Pittsburgh v. Olympia Holding Corp.*,

140 F. App'x 860, 862-63 (11th Cir. 2005) (quotation omitted);[1] *see also Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (per curiam).  "A finding of civil contempt must be based upon clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014) (quotation omitted).

Upon a finding of civil contempt, district courts have broad discretion in fashioning appropriate sanctions.  *Abbott Labs. v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000); *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).  "[S]anctions in civil contempt proceedings may be employed for either or both of two purposes:  to coerce the [offender] into compliance with the court's order, and to compensate the complainant for losses sustained."  *Tom James Co. v. Morgan*, 141 F. App'x 894, 899 (11th Cir. 2005) (original alteration; quotation and original emphasis omitted); *see also United States v. McCorkle*, 321 F.3d 1292, 1298-99 (11th Cir. 2003).

**ANALYSIS**

Mr. Pree's motion fails for the threshold reason that he points to no specific court order that Plaintiff's counsel allegedly violated.  Mr. Pree's vague invocation of the Rules of Professional Conduct and this Court's Local Rules do not suffice.  At most, Mr. Pree's complaints, as articulated by him in the motion *sub judice*, are that counsel mischaracterized Mr. Pree's communications with counsel's office in a recent court filing (Doc. 105) and that counsel

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent, but may be cited as persuasive authority.  11th Cir. R. 36-2.

has frustrated Mr. Pree's attempts to comply with the good-faith conference requirement of M.D. Fla. R. 3.01(g) in connection with a prior discovery dispute.  (*See* Doc. 110 at 1-3; *see also* Docs. 110-1 and 110-2).  The Court finds that these matters are simply not cognizable as contempt because they do not violate any court order and Mr. Pree has not demonstrated otherwise.  As such, Mr. Pree's motion is without merit and must be denied.

Moreover, to the extent Mr. Pree's motion can be construed as asking this Court to invoke its inherent authority to sanction counsel for the described conduct, the Court declines to do so.  Even if the Court assumes, *arguendo*, that Mr. Pree's allegations are wholly or partially true, the Court finds that those allegations do not rise to the level of conduct warranting a finding of contempt or the imposition of sanctions.  Thus, Mr. Pree is not entitled to the requested relief even under the Court's inherent authority.

Lastly, Mr. Pree appears to have designated his filings as "confidential" and he demands that they "not be posted on the Internet or any other electronic feed that is available to the public."  (*See* Doc. 110 at 1 and 4; Doc. 110-1 at 1; Doc. 110-2 at 1).  The Court construes these demands as a motion by Mr. Pree to place his filings under seal and/or to redact unspecified information from them.  The Court has reviewed Mr. Pree's filings and finds that sealing and/or redaction of the filings is not authorized under Fed. R. Civ. P. 5.2 or M.D. Fla. R. 1.09, and Mr. Pree has not demonstrated otherwise.  Mr. Pree is hereby reminded that all submissions made to and all filings made with this Court will be placed in the Court's public file and made accessible to the public electronically in unredacted form through the Court's CM/ECF and PACER systems unless Mr. Pree demonstrates that sealing or redacting the files is warranted under applicable law and in compliance with Fed. R. Civ. P. 5.2 and M.D. Fla. R. 1.09.  Accordingly, the motions must be denied to the extent they also ask the Court to seal and/or redact Mr. Pree's filings.

## CONCLUSION

Based upon the foregoing, the Court **ORDERS** that Todd Pree's Motion to Show Cause as to Why Mr. Ben Yormak Shouldn't Be Held in Contempt of Court for RPC Violations (Doc. 110) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 21, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties